UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **RANDAL ROBINSON *et al.*,** | |
| Plaintiffs, | |
| v. | Case No. 5:25-cv-1730-HDM |
| **LIBERTY MUTUAL PERSONAL INSURANCE COMPANY,** | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Liberty Mutual Personal Insurance Company's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Doc. 9). The motion is fully briefed. (Docs. 13, 16). For the reasons below, the motion is due to be **GRANTED**.

I.   BACKGROUND

Plaintiff Marianne Maxson purchased the property located at 111 Gorham Drive, Huntsville, Alabama ("the Property") in or about September 2019 and made a $40,000 down payment. (Doc. 1-1 at 9 ¶ 5). Plaintiffs allege that the home was purchased for Plaintiffs Randal and Kaylie Robinson, with an understanding Maxson would be repaid the down payment upon a future sale. (*Id.*). Plaintiffs allege that on

September 28, 2021, the deed was transferred from Maxson to the Robinsons. (*Id.*, ¶ 6). Plaintiffs also allege Liberty Mutual was notified of the deed transfer and the new mortgage company. (*Id.*, ¶ 7).

Plaintiffs allege that "in October, 2023, Marianne Maxson moved from said residence" and contacted Liberty Mutual "to inform them of the change of residence," and that Maxson's current property is located at 4303 McAllister Drive in Huntsville. (Doc. 1-1 at 9 ¶ 8). Plaintiffs also allege the Property "remained the primary residence" of the Robinsons. (*Id.*).

On August 28, 2024, a fire occurred at the Property. (Doc. 1-1 at 10 ¶ 9). Plaintiffs allege that at the time of the fire Maxson had not "completely moved all of her items of personal belongings" from the Property and continued to receive mail there. (*Id.*, ¶ 10). Plaintiffs allege Liberty Mutual denied coverage on or about September 6, 2024. (*Id.*, ¶ 11). Plaintiffs also allege Liberty Mutual continued accepting premiums until June 25, 2025. (*Id.*, ¶ 12).

Plaintiffs assert eight counts: Negligence (Count One), Gross Negligence (Count Two), Wantonness (Count Three), Breach of Contract (Count Four), Misrepresentation (Count Five), Bad Faith (Count Six), Fraud (Count Seven), and "Damages" (Count Eight). (Doc. 1-1 at 11–20 ¶¶ 18–69).

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts well-pleaded factual allegations as true and construes them in the light most favorable to the plaintiff, but it does not accept legal conclusions couched as factual allegations. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555–56.

Because Plaintiffs assert fraud-based claims, Rule 9(b) also applies. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The Eleventh Circuit requires a plaintiff to plead "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the [p]laintiffs; and (4) what the defendants gained by the alleged fraud." *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1370–71 (11th Cir. 1997).

In evaluating the motion, the court may consider the insurance policy, attached to the motion as Doc. 9-1, because Plaintiffs' claims are premised on that policy and it is central to the pleaded claims. *See* Fed. R. Civ. P. 10(c); *Speaker v.*

3

*U.S. Dep't of Health & Hum. Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).

### III.  DISCUSSION

**A. Counts One–Three: Negligence, Gross Negligence, and Wantonness**

Counts One through Three allege, in substance, that Liberty Mutual "wrongfully" denied coverage and mishandled Plaintiffs' claim. (*See, e.g.*, Doc. 1-1 at 11–14 ¶¶ 19–32). Alabama courts have "steadfastly refused to recognize a cause of action for negligent or wanton handling of insurance claims." *Hillery v. Allstate Indem. Co.*, 705 F. Supp. 2d 1343, 1367 (S.D. Ala. 2010); *see also Kervin v. S. Guar. Ins. Co.*, 667 So. 2d 704, 706 (Ala. 1995) (Alabama "has consistently refused to recognize a cause of action for the negligent handling of insurance claims"); *Chavers v. Nat'l Sec. Fire & Cas. Co.*, 405 So. 2d 1, 5 (Ala. 1981) (reaffirming rejection of negligence theory for handling direct claims). More broadly, "[a] mere failure to perform a contract obligation is not a tort." *C&C Prods., Inc. v. Premier Indus. Corp.*, 275 So. 2d 124, 130 (Ala. 1972). And where an insurer's refusal to pay is wrongful, the remedy generally lies in contract (or, if the stringent elements are satisfied, bad faith), not negligence or wantonness. *See Calvert Fire Ins. Co. v. Green*, 180 So. 2d 269, 272–73 (Ala. 1965).

4

Accordingly, Counts One, Two, and Three fail to state cognizable claims and are due to be **DISMISSED WITH PREJUDICE**.

### B. Count Four: Breach of Contract

To plead breach of contract under Alabama law, a plaintiff must allege (1) a valid contract binding the parties, (2) performance, (3) nonperformance, and (4) resulting damages. *See, e.g.*, *Swanson v. Allstate Ins. Co.*, No. 2:09-cv-2148-SLB, 2010 WL 11565275, at *3 (N.D. Ala. Nov. 8, 2010).

Plaintiffs' contract theory hinges on coverage under the Liberty Mutual homeowners policy. The Policy's Declarations identify Maxson as the "Named Insured" and list the Property as the "Insured Location." (Doc. 9-1 at 2). The Policy provides Coverage A for "[t]he dwelling on the 'residence premises' shown in the Declarations." (*Id.* at 8 (Coverage A)). The Policy defines "you" and "your" to refer to the "named insured" shown in the Declarations (*Id.* at 8 (Definitions)), and defines "residence premises" as, among other things, "[t]he one family dwelling, other structures, and grounds . . . where you reside and which is shown as the 'residence premises' in the Declarations." (*Id.* at 8 (Definitions ¶ 8)).

Plaintiffs allege that Maxson "moved from" the Property in October 2023—approximately ten months before the August 28, 2024, fire. (Doc. 1-1 at 9 ¶ 8; Doc. 1-1 at 10 ¶ 9). Those allegations are fatal to the contract claim as pleaded, because

Coverage A is conditioned on the Property being the "residence premises," i.e., a dwelling where the named insured resides. *See Morton v. Auto. Ins. Co. of Hartford, Conn.*, 102 F. Supp. 3d 1248, 1256 (N.D. Ala. 2015) (holding "residence premises" language unambiguous and, as a matter of law, homeowners who do not reside at the property are not covered); *see also Mahens v. Allstate Ins. Co.*, 447 F. App'x 51 (11th Cir. 2011); *Country Cas. Ins. Co. v. Massey*, No. 3:09-cv-803-MEF, 2010 WL 5579881, at *5–6 (M.D. Ala. Dec. 20, 2010).

Plaintiffs argue the absence of an express "forfeiture" or termination provision and contend that the interplay between "residence premises" and "insured location" creates ambiguity. (Doc. 13 at 7). But under Alabama law, policy terms "should be given a rational and practical construction," and a policy is ambiguous only if reasonably susceptible to two or more constructions. *Porterfield v. Audubon Indem. Co.*, 856 So. 2d 789, 799 (Ala. 2002); *State Farm Fire & Cas. Co. v. Slade*, 747 So. 2d 293, 308–09 (Ala. 1999). The Policy's dwelling coverage is expressly tied to the "residence premises," not the broader "insured location" definition, and Plaintiffs' own allegations establish that Maxson no longer resided at the Property at the time of the loss. (Doc. 1-1 at 9 ¶ 8; Doc. 9-1 at 8 (Definitions ¶ 8; Coverage A)).

To the extent Plaintiffs contend Liberty Mutual's knowledge of mailing-address changes, deed transfer, or premium acceptance after the move alters the coverage analysis, Alabama law does not allow coverage to be "created or enlarged

6

by waiver or estoppel" where an unambiguous policy does not provide it. *Morton*, 102 F. Supp. 3d at 1259–60; *see also* (Doc. 1-1 at 10 ¶ 15).

Additionally, Plaintiffs allege the Robinsons are the deed owners. (Doc. 1-1 at 9 ¶ 6). But the Policy's Declarations identify Maxson as the named insured. (Doc. 9-1 at 2). To the extent the Robinsons assert a breach claim on a contract to which they are not parties, the claim fails as a matter of law. *See Cullman Leasing, LLC v. Wesco Ins. Co.*, No. 5:22-cv-468-LCB, 2022 WL 2820098, at *2 (N.D. Ala. July 19, 2022).

Accordingly, Count Four is due to be **DISMISSED WITH PREJUDICE**.

### C. Counts Five and Seven: Misrepresentation and Fraud

Counts Five and Seven allege that Liberty Mutual misrepresented, "at the signing of the contract," that it would "comply with the terms of the parties' contract." (Doc. 1-1 at 16 ¶ 44; Doc. 1-1 at 19 ¶ 66). The complaint also includes allegations that Liberty Mutual "intentionally and/or recklessly obtained insurance premiums" in excess of the coverage provided or anticipated and accepted premiums after denial. (Doc. 1-1 at 10 ¶¶ 12, 15).

Under Rule 9(b), Plaintiffs must plead the circumstances of fraud with particularity. *Brooks*, 116 F.3d at 1370–71. Plaintiffs' pleadings do not identify the specific "material facts" allegedly misrepresented, who made the

misrepresentations, when and where they were made, or how Plaintiffs were misled beyond conclusory assertions. *See Norman v. Liberty Mut. Fire Ins. Co.*, 471 F. Supp. 3d 1225, 1242 (N.D. Ala. 2020) (dismissing fraud where complaint failed to plead 'who, when, where, and how' with particularity); *Rivers v. Liberty Mut. Ins.*, No. 2:19CV1092-MHT, 2020 WL 6395452, at *3 (M.D. Ala. Nov. 2, 2020).

Further, to the extent Plaintiffs' fraud theories are premised on Liberty Mutual's alleged failure to honor policy terms, that theory sounds in contract, not fraud. *See Pearson's Pharmacy, Inc. v. Express Scripts, Inc.*, 505 F. Supp. 2d 1272, 1275–77 (M.D. Ala. 2007) (a party cannot convert a breach-of-contract claim into fraud by re-labeling a contractual promise as misrepresentation).

Plaintiffs cite *Evans v. Adam's Rib, Inc.*, 289 Ala. 377, 267 So. 2d 448, 450 (Ala. 1972), for the proposition that promissory fraud may exist where a promise is made with no intent to perform and with intent to deceive. But the complaint's allegations do not plausibly allege facts showing an intent not to perform at the time of contracting, nor do they plead promissory fraud with the particularity required by Rule 9(b). *See* Fed. R. Civ. P. 9(b); *Iqbal*, 556 U.S. at 678.

Accordingly, Counts Five and Seven are due to be **DISMISSED**. Because Rule 9(b) deficiencies may be curable by amendment if Plaintiffs can plead a cognizable fraud theory with the requisite specificity, the dismissal of Counts Five and Seven is **WITHOUT PREJUDICE**.

### D. Count Six (Bad Faith)

Under Alabama law, a bad-faith refusal-to-pay claim requires, among other elements, a breach of insurance contract and the absence of an arguable reason for denial. *State Farm Fire & Cas. Co. v. Brechbill*, 144 So. 3d 248, 258 (Ala. 2014). A bad-faith plaintiff "bears a heavy burden." *Shelter Mut. Ins. Co. v. Barton*, 822 So. 2d 1149, 1154 (Ala. 2001). If there is no breach of contract, a bad-faith claim fails as a matter of law. *See Brechbill*, 144 So. 3d at 258.

As explained above, Plaintiffs' own allegations establish that Maxson did not reside at the Property at the time of loss, defeating Coverage A as pleaded. (Doc. 1-1 at 9 ¶ 8; Doc. 9-1 at 8). Because Plaintiffs have not plausibly alleged an actionable breach of the Policy, Count Six fails. Moreover, given the Policy's unambiguous "residence premises" language and Plaintiffs' admission that Maxson moved, Liberty Mutual had, at a minimum, an arguable reason for denial. *See Brechbill*, 144 So. 3d at 258; *Morton*, 102 F. Supp. 3d at 1256.

Accordingly, Count Six is due to be **DISMISSED WITH PREJUDICE**.

### E. Count Eight ("Damages")

"Damages" is a remedy, not a standalone cause of action. Count Eight therefore fails to state an independent claim and is due to be **DISMISSED WITH PREJUDICE**.

## IV.  CONCLUSION

For the reasons stated, Defendant's motion to dismiss (doc. 9) is **GRANTED** as follows:

1. Counts One, Two, and Three are **DISMISSED WITH PREJUDICE**.

2. Count Four is **DISMISSED WITH PREJUDICE**.

3. Counts Five and Seven are **DISMISSED WITHOUT PREJUDICE**.

4. Count Six is **DISMISSED WITH PREJUDICE**.

5. Count Eight is **DISMISSED WITH PREJUDICE**.

Plaintiffs may file an amended complaint limited to repleading Counts Five and Seven consistent with this Memorandum Opinion and Order within fourteen (14) days of entry of this Order. If Plaintiffs do not timely amend, the Clerk is **DIRECTED** to close the case.

**DONE** and **ORDERED** on February 20, 2026.

**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE