**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

**RANDAL ROBINSON,** *et al.***,**

      **Plaintiffs,**

**v.**

**LIBERTY MUTUAL PERSONAL
INSURANCE COMPANY,**

      **Defendant.**

**Case No. 5:25-cv-1730-HDM**

## MEMORANDUM OPINION AND ORDER

Plaintiffs Randal Robinson, Kaylie Robinson, and Marianne Maxson (collectively, the "Plaintiffs") sue Defendant Liberty Mutual Personal Insurance Company ("Liberty Mutual") for alleged misrepresentation and fraud. (Doc. 20). This matter is presently before the court on Liberty Mutual's fully-briefed Motion to Dismiss. (Docs. 21, 23, 26). For the reasons set out below, the court **GRANTS** Liberty Mutual's motion and **DISMISSES** the Plaintiffs' remaining claims **WITH PREJUDICE**.

### I.  BACKGROUND

This is the Plaintiffs' second attempt to plead fraud-based claims arising from Liberty Mutual's denial of insurance coverage for a fire loss. The subject property

in this matter is 111 Gorham Drive, Huntsville, Alabama (the "Property"), which Plaintiff Marianne Maxson purchased in May 2019 "for [Plaintiffs] Randal and Kaylie Robinson with the understanding that, upon the sale of the home by Randal and Kaylie Robinson, Marianne Maxson would be repaid the down payment amount." (Doc. 20, ¶ 5). At the time of the purchase, Maxson made a down payment of $40,000 and obtained homeowner's insurance from Liberty Mutual. *Id.*, ¶¶ 5–6. The policy listed Maxson as the "named insured" and the Property as the "insured location." *Id.*, ¶ 8. At all times relevant to this lawsuit, the three Plaintiffs lived together on the Property. *Id.*, ¶ 5.

On or about September 11, 2021, Randal and Kaylie Robinson took out a mortgage on the Property with non-party Rocket Mortgage, *id.*, ¶ 12, and, on or about September 28, 2021, Maxson transferred ownership of the Property to them, *id.*, ¶ 11. Liberty Mutual was notified of the ownership transfer and the mortgage (including escrow premium payments and the mortgagee's addition to the policy). *Id.*, ¶ 12. In October 2023, Maxson moved from the Property and contacted Liberty Mutual to inform it of her change of residence, *id.*, ¶ 13, although, as of August 28, 2024, she "had not yet completely moved all of her personal belongings from the [P]roperty . . . and she also continued to receive mail" there, *id.*, ¶ 15.

On or about August 28, 2024, a fire occurred at the Property, *id.*, ¶ 14, and, on September 6, 2024, Liberty Mutual denied coverage under Maxson's policy

2

because it was not "notified of the change in ownership and/or circumstances," *id*, ¶ 17. Plaintiffs also allege that Liberty Mutual continued to accept insurance premiums (including through the Rocket Mortgage escrow account) until June 25, 2025, and that Liberty Mutual notified Maxson that it was cancelling the policy because she did not hold an insurable interest. *Id.*, ¶¶ 16, 20.

On August 29, 2025, Plaintiffs filed their original complaint in the Circuit Court of Madison County, Alabama, alleging claims for negligence, gross negligence, wantonness, breach of contract, misrepresentation, bad faith, fraud, and, as a standalone claim, "damages." (Doc. 1-1). Liberty Mutual removed the action to this court on the basis of diversity jurisdiction, (doc. 1), and moved to dismiss all claims, (doc. 9). On February 20, 2026, the court dismissed the Plaintiffs' fraud and misrepresentation claims **without prejudice** for their failure to comply with the heightened pleading requirements in Rule 9(b), explaining that they "may be curable by amendment if Plaintiffs can plead a cognizable fraud theory with requisite specificity." (Doc. 19 at 8). The court dismissed the Plaintiffs' remaining claims **with prejudice**. *Id.* at 10.

Plaintiffs timely filed an Amended Complaint that repleads Count Five (Misrepresentation) and Count Seven (Fraud), (doc. 20, ¶¶ 29–42, 44–57), and expressly acknowledges that they are not repleading the other claims, *id.*, ¶¶ 25–28,

3

43. Liberty Mutual now moves to dismiss the Amended Complaint with prejudice pursuant to Rule 12(b)(6). (Doc. 21).

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts well-pleaded factual allegations as true and construes them in the light most favorable to the non-moving party, but it does not accept legal conclusions couched as factual allegations. *Id.*; *Twombly*, 550 U.S. at 555–56.

Because the only claims remaining in this case are fraud-based, the Amended Complaint is also subject to the heightened pleading standard in Rule 9(b), which requires "a party [to] state **with particularity** the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b) (emphasis added). The Eleventh Circuit has held that this standard requires a plaintiff to plead: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the [p]laintiffs; and (4) what the defendants gained by the alleged fraud." *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380–81 (11th Cir. 1997).

## III.    DISCUSSION

Plaintiffs' Amended Complaint asserts fraud-based claims grounded in Liberty Mutual's alleged statements and conduct concerning coverage, premium collection, and claim handling. (Doc. 20, ¶¶ 29–42, 44–57). Liberty Mutual argues that the fraud-based counts remain deficient under Rule 9(b) and still impermissibly sound in contract. (Docs. 21 at 4–9; 26 at 3–8). The court agrees.

**A. Plaintiffs Still Fail to Plead Fraud with Particularity under Rule 9(b)**

In its prior Memorandum Opinion, the court dismissed Plaintiffs' fraud and misrepresentation claims because Plaintiffs did "not identify the specific 'material facts' allegedly misrepresented, who made the misrepresentations, when and where they were made, or how Plaintiffs were misled beyond conclusory assertions." (Doc. 19 at 7–8). The court afforded Plaintiffs an opportunity to cure those deficiencies, *id.* at 10, but they failed to do so.

*1.    "At the signing of the contract" allegations remain non-specific.*

In Count Five, their misrepresentation claim, Plaintiffs allege that Liberty Mutual "represented to the Plaintiffs, at the signing of the contract," that it would comply with the policy and act in good faith in claim handling. (Doc. 20, ¶ 35). In Count Seven, alleging fraud, Plaintiffs similarly allege that Liberty Mutual "intentionally misrepresented" to Maxson "at the signing of the contract" that it would comply with the contract and act in good faith. *Id.*, ¶ 51. Despite a chance to

replead, the allegations in the Amended Complaint still do not identify the "precise statements" made, who specifically made them, the time and place of the alleged statements, or the manner in which the statements misled Plaintiffs, all of which are required for fraud-based claims. *Brooks*, 116 F.3d at 1380–81. They are the kind of generalized, conclusory fraud allegations that do not satisfy Rule 9(b).

### 2. *"At the time of the deed transfer" allegations remain conclusory and collective.*

The Amended Complaint adds the allegation that, "at the time of the deed transfer, through its representatives, policy documents, premium statements, and related communications," Liberty Mutual misrepresented that the Property would remain insured and that Liberty Mutual would comply with the contract and act in good faith in claim handling. (Doc. 20, ¶ 52). This additional allegation fails to satisfy Rule 9(b) because it aggregates unspecified "representatives" and unspecified "policy documents, premium statements, and related communications" without identifying (1) any one document or communication, (2) the speaker/author, (3) when and where it was transmitted, or (4) what was said beyond broad characterizations. This court regularly dismisses fraud-based claims for such deficiencies. *See e.g.*, *Norman v. Liberty Mut. Fire. Ins. Co.*, 471 F. Supp. 3d 1225, 1241–42 (N.D. Ala. 2020) (dismissing fraud claim where plaintiff failed to plead specific misrepresentation and the responsible speaker).

### 3. Premium acceptance and "failure to inform" allegations do not supply the missing Rule 9(b) particulars.

Plaintiffs allege Liberty Mutual had notice of the deed transfer and "failed to inform" Plaintiffs that neither they nor the Property would remain insured while simultaneously continuing to accept premiums on the policy. (Doc. 20, ¶ 37). Plaintiffs also allege reliance on continued escrow premium payments and on "statements reflecting that insurance premiums continued to be deducted." *Id.*, ¶¶ 38–39. These allegations still do not identify the required "precise statements, documents, or misrepresentations," nor do they identify the time, place, and person responsible for an actionable misrepresentation. *Brooks*, 116 F.3d at 1380–81. To the extent Plaintiffs attempt to recast their claims as omission-based fraud (suppression), they would still be subject to the heightened pleading standard requiring "particularity," Fed. R. Civ. P. 9(b), and Plaintiffs do not plead facts sufficient to identify the specific omission(s), circumstances of nondisclosure, or the basis for a duty to disclose. Thus, Plaintiffs' pleading remains conclusory and insufficient.

### 4. Plaintiffs' "relaxed" Rule 9(b) argument does not save the Amended Complaint.

In opposing Liberty Mutual's Motion to Dismiss, Plaintiffs contend that they have sufficiently alleged "who, what, when, where, why, and how," and that Rule 9(b) should be relaxed because the alleged fraud occurred through a "multi-act

fraudulent scheme" over time, the details of which are within Liberty Mutual's exclusive control. (Doc. 23 at 5–7). Liberty Mutual responds that this is not a complex, multi-defendant fraud scheme but a coverage dispute, and that relaxing Rule 9(b) would effectively nullify the purpose of the rule. (Doc. 26 at 3–6). The court agrees with Liberty Mutual. Plaintiffs' continued inability to identify a particular statement or document—after being given leave to amend specifically to cure Rule 9(b) defects—confirms that the claims remain inadequately pleaded.

Accordingly, Count Five and Count Seven, the only claims remaining in this matter, are due to be dismissed for failure to plead fraud-based claims with the particularity required by Rule 9(b).

## B. Plaintiffs' Fraud-Based Theories Continue to Impermissibly Sound in Contract.

Even if Plaintiffs had pleaded their fraud and misrepresentation claims with the necessary particularity, dismissal would still be warranted because Plaintiffs' alleged "misrepresentations" track the alleged contractual obligations under the policy. Plaintiffs allege that Liberty Mutual represented that it would "comply with the terms of the parties' contract and act in good faith regarding any insurance claims." (Doc. 20, ¶ 35; *see also* Doc. 20, ¶¶ 51–52). They also allege Liberty Mutual "misrepresented that the Property remained insured" and that "Maxson's insured interest in the Property remained covered under the Policy." (Doc. 20, ¶¶ 41, 56). And Plaintiffs expressly claim damages including "continued payment of insurance

premiums for coverage that was not honored" and "failure to receive benefits necessary to repair the Property." *Id.*

These alleged duties—to insure the Property under the policy, to investigate and adjust claims properly, and to pay policy benefits—arise from the policy itself. As Liberty Mutual correctly notes, this court previously recognized that "to the extent Plaintiffs' fraud theories are premised on Liberty Mutual's alleged failure to honor policy terms, that theory sounds in contract, not fraud." (Doc. 19 at 8) (citing *Pearson's Pharmacy, Inc. v. Express Scripts, Inc.*, 505 F. Supp. 2d 1272, 1276 (M.D. Ala. 2007) (a plaintiff "cannot convert a typical breach of contract into a fraud action without satisfying the elements of both actions")).

Plaintiffs' response reframes the claim as one about Liberty Mutual "knowingly accept[ing] premiums and fail[ing] to disclose lack of coverage, while simultaneously inducing the Plaintiffs to believe they were insured." (Doc. 23 at 9). But Plaintiffs' pleaded theory and damages remain tethered to the policy's alleged performance and the denial of policy benefits. (Doc. 20, ¶¶ 40–41, 55–56). Moreover, to the extent Plaintiffs' theory depends on Liberty Mutual's continued acceptance of premiums or purported knowledge of changed circumstances as a basis to "represent" coverage existed, this court has explained that Alabama law does not allow coverage to be "created or enlarged by waiver or estoppel" where the unambiguous policy does not provide it. (Doc. 19 at 6–7 (*citing Morton v. Auto. Ins.*

*Co. of Hartford*, 102 F. Supp. 3d 1248, 1259-60 (N.D. Ala. 2015)). Accordingly, Plaintiffs' fraud-based claims are due to be dismissed on this independent ground as well.

**C. Dismissal with Prejudice is Proper Because Plaintiffs Have Been Given Leave to Amend and Failed to Cure.**

Finally, Plaintiffs were given a specific opportunity to cure their Rule 9(b) pleading deficiencies as to their fraud-based claims. (Doc. 19 at 8, 10). Plaintiffs' Amended Complaint remains largely unchanged in the requirements that matter for Rule 9(b) and continues to pursue a theory that sounds in contract, not fraud. (Docs. 21 at 2; 26 at 7–8). Under these circumstances, dismissal with prejudice is warranted. *See, e.g.*, *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys.*, 673 Fed. App'x 925, 930 (11th Cir. 2016) (per curiam) ("We have never required district courts to grant counseled plaintiffs more than one opportunity to amend a deficient complaint, nor have we concluded that dismissal with prejudice is inappropriate where a counseled plaintiff has failed to cure a deficient pleading after having been offered ample opportunity to do so.").

## IV.  CONCLUSION

For the reasons stated above, Liberty Mutual's Motion to Dismiss, (doc. 21), is **GRANTED**. Plaintiffs' only remaining claims in this matter, Count Five and

Count Seven in the Amended Complaint, (doc. 20), are **DISMISSED WITH PREJUDICE**. The court will enter a separate final judgment.

**DONE** and **ORDERED** on June 15, 2026.

**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE